989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eanos Earl HUNT, Petitioner-Appellant,
v.
David MILLS, Warden, Respondent-Appellee.
 No. 92-5695.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1993.
 
 Before MARTIN and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Eanos Earl Hunt, a pro se Tennessee prisoner, appeals a district court judgment which denied his habeas corpus petition filed under 28 U.S.C. § 2254. Hunt's case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hunt was convicted of first degree murder and sentenced to life imprisonment following the shooting death of his former wife. He alleged: 1) that intoxication prevented him from forming the intent required for first degree murder; 2) that the prosecution told the jury that he had not made a confession; 3) that some of the state's evidence was not disclosed to the defense prior to trial; 4) that the trial court limited his attorney's opening statement; 5) that the trial court should have ordered additional psychiatric testing; 6) that the prosecution was allowed to question witnesses about his prior bad acts; 7) that the trial court rejected a plea agreement; 8) that the prosecution was allowed to elicit hearsay testimony; and 9) that his counsel failed to investigate a diminished capacity defense. The district court denied the petition on April 8, 1992. Hunt's motion for reconsideration was denied on May 18, 1992. It is from this judgment that he now appeals.
 
 
 3
 Upon review, we affirm the judgment on the merits for the reasons well stated in the district court's memorandum dated April 18, 1992. In addition, we note that Hunt has abandoned his eighth claim by failing to raise it clearly in this appeal. See Wright v. Holbrook, 794 F.2d 1152, 1156 and 1157 (6th Cir.1986). Moreover, we will not consider Hunt's new assertion that he was incompetent to stand trial because that issue was not squarely presented to the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987) (collecting cases).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.